IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| VERNON WRIGHT, | * |
| Plaintiff, | * |
| v. | *    Civil Case No. SAG-22-631 |
| SANTANDER CONSUMER USA, | * |
| Defendant. | * |

## MEMORANDUM OPINION

Plaintiff Vernon Wright ("Plaintiff"), who is self-represented, filed a Complaint against Santander Consumer USA ("Santander") alleging the fraudulent repossession of his vehicle. ECF 1. Santander has now filed a Motion to Enforce Settlement Agreement and Dismiss Lawsuit. ECF 23. Despite having been advised of the potentially dispositive nature of the motion, Plaintiff has not filed a response. I have reviewed the motion and find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons that follow, I will grant Santander's motion, enforce the parties' settlement agreement, and dismiss this case with prejudice.

## I.      FACTUAL BACKGROUND

The facts contained herein are taken in the light most favorable to Plaintiff, the non-moving party. Plaintiff filed his Amended Complaint in this case on March 29, 2022. ECF 4. On May 17, 2022, Santander's counsel emailed a settlement offer to Plaintiff. ECF 23-2. Plaintiff responded, "I accept these terms." *Id.* One week later, on May 24, 2022, Santander's counsel emailed Plaintiff a draft settlement agreement. ECF 23-3. Plaintiff asked to receive it in editable version "so I can sign and email it back to you." ECF 23-4. After receiving the editable version, Plaintiff returned an electronically signed settlement agreement to Santander's counsel. ECF 23-5. And on June

22, 2022, Santander's counsel received a hard copy of the Settlement Agreement that Plaintiff had signed by hand.  ECF 23-6.  Santander countersigned the Settlement Agreement, making it fully executed.  ECF 23-7.

Subsequently, when Santander's counsel asked Plaintiff to sign the Stipulation of Dismissal that accompanied the Settlement Agreement, Plaintiff took the position that he was "no longer in agreement with the proposed settlement" and refused to sign the stipulation.  ECF 23-8.  The instant motion ensued.

## II.     LEGAL STANDARD

District courts have authority to enforce valid settlement agreements.  *See Trustees of Nat'l Automatic Sprinkler Indus. Welfare Fund v. Bingham,* Civ. No. 8:19-1406-PX, 2020 WL 815695, at *4 (D. Md. Feb. 19, 2020).  To properly exercise such authority, the Court "(1) must find that the parties reached a complete agreement and (2) must be able to determine its terms and conditions." *Id.* at *3 (quoting *Hensley v. Alcon Labs., Inc.*, 277 F.3d 535, 540–41 (4th Cir. 2002)). Where the existence and validity of the settlement agreement are undisputed, the Court "may summarily enforce the agreement."  *Id.* at *4.

Those circumstances exist here.  This Court is in possession of a fully executed settlement agreement, along with correspondence between the parties manifesting an intent to settle the case on the terms set forth in the written agreement.  Moreover, Plaintiff signed and delivered the agreement twice (once electronically, once by hand).  Because Plaintiff failed to respond to the instant motion, he has provided no basis to dispute the existence or validity of the parties' agreement.  Accordingly, the settlement agreement will be enforced and the case will be dismissed with prejudice.

### III.     CONCLUSION

For the reasons set forth above, Santander's Motion to Enforce Settlement Agreement and Dismiss Lawsuit, ECF 23, will be GRANTED, and this case will be dismissed with prejudice and closed.  A separate Order follows.


Dated:  December 14, 2022                                                                 /s/
                                                                                Stephanie A. Gallagher
                                                                                United States District Judge